ASSOCIATION OF WESTINGHOUSE
SALARIED EMPLOYEES (EAST
SPRINGFIELD PLANT), Buffalo Sal-
aried Employees Association, Inc., Shar-
on Westinghouse Employees Associa-
tion, Westinghouse Salaried Employees
Association at South Philadelphia, Stur-
tevant Salaried Employees Association,
Association of Westinghouse Salaried
Employees (East Pittsburgh Plant),
and
Federation of Westinghouse Independent
Salaried Unions, Plaintiffs,

v.

WESTINGHOUSE ELECTRIC CORPO-
RATION, Defendant.

Civ. A. No. 17736.

United States District Court
W. D. Pennsylvania.

Dec. 30, 1959.

Albert C. Shapira, Pittsburgh, Pa., for plaintiffs.

John Wayman, Pittsburgh, Pa., for defendant.

SORG, District Judge.

Plaintiffs, collective bargaining agents for certain employees of the defendant, Westinghouse Electric Corporation, have brought this action for a declaratory judgment. The defendant is engaged in interstate commerce and it is conceded that this Court has jurisdiction of the parties and the subject matter under the provisions of Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185.

Plaintiffs filed grievances with the defendant covering disputes concerning the return of supervisory employees to their former positions in appropriate bargaining units under the terms of a contract in effect between the plaintiffs and the defendant, which reads in pertinent part as follows:

Section XV 2.B.

"B. The term grievance is defined to mean (a) any dispute as to the interpretation, application, or claimed violation by the Company of this National Agreement, its supplements or any local supplement covering the bargaining unit involved, (b) any subject that this National Agreement provides shall become a grievance, or (c) questions involving

discipline, release or discharge of employes in the bargaining unit."

These disputes remained unsettled after the grievance procedures were completed in accordance with the terms of the contract. The plaintiffs thereupon sought to invoke Section XV–A of said contract which reads as follows:

"A. Except as otherwise provided in this Agreement, any grievance involving action taken or a failure to act subsequent to October 28, 1955, which remains unsettled after the grievance procedure has been exhausted pursuant to Section XV and which involves either

1. the interpretation, application or claimed violation of a provision of this Agreement or of a local supplement in effect in the bargaining unit in which the grievance arose, or

2. a disciplinary penalty, release or discharge which is alleged to have been imposed without just cause, shall be submitted to arbitration upon the written request of either the Federation or the Company * * *.

* * * * * *

"B. Within fifteen (15) days after receipt of a request for arbitration by the Company or the Federation, representatives of the parties shall meet in an effort to reach mutual agreement on the arbitrator and on a statement of the question or questions to be submitted for arbitration. If the parties fail to reach such mutual agreement on the arbitrator, either party may, within ten (10) days following such meeting, request the American Arbitration Association to submit a list of names from the Association's Panels from which an arbitrator may be chosen.

* * * * * *

"(D) The American Arbitration Association shall have no authority to process a request for arbitration or appoint an arbitrator if either party shall advise the Association that the grievance desired to be arbitrated does not, in its opinion, raise an arbitrable issue. In such event, the Association shall have authority to process the request for arbitration and appoint an arbitrator in accordance with this Agreement and the above-mentioned Rules only after a final judgment of a Court has determined that the grievance upon which the arbitration has been requested raises an arbitrable issue or issues. The foregoing part of this Paragraph D shall not be applicable if by its terms the request for arbitration requests only relief from a disciplinary penalty, release or discharge alleged to have been imposed without just cause.

"(E) Notwithstanding any other provisions of this Agreement, no arbitrator shall, without specific written agreement of the Company and the Federation with respect to the arbitration proceeding before him, be authorized to:

"1. Add to, detract from, or in any way alter the provisions of this Agreement or any Supplement or local supplement to this Agreement; * * *."

The defendant then notified the plaintiffs that their written requests for submission of the disputes for arbitration did not cover arbitrable issues.

At various times during 1958, twenty-one employees of the defendant, after having been promoted for a time to supervisory positions outside of their appropriate bargaining units were subsequently demoted and returned thereto without prior negotiation with the plaintiffs. Plaintiffs contend that the use of the words "may be returned" in Section IX, 4.A. of the contract implies negotiation between the employer and the bargaining representative before a return of a supervisory employee to the bargaining unit. The Section reads as follows:

"A. An employe who left a position classification which is within the bargaining unit, or a position

classification which, if presently existing would be within the bargaining unit, to accept a supervisory position or other position classification not in a bargaining unit at the same plant or office location may be returned to the bargaining unit with the same seniority credit as when transferred out, plus *seniority* credit for the period of Company service out of the bargaining unit."

The defendant contends that the Section effects the making of such returns a management right; that by reason of the negotiation of an amendment of Section IX, 4.A. of the contract whereby the term "will be returned" was changed to the term "may be returned" the whole matter at issue was resolved by collective bargaining and therefore not a proper subject for arbitration; and that in order to give any effect to the plaintiffs' contention the entire matter if submitted to arbitration would require the adding to, detracting from or altering the provisions of the Agreement.

It is the opinion of the Court that the application of Section IX, 4 of the contract to the facts of this case involves "the interpretation, application or claimed violation of a provision of this Agreement" as provided in Section XV–A of the contract and therefore presents an arbitrable issue. In this connection, a consideration of prior provisions of Section IX, 4. and of the negotiations between the parties as to its amendment may be an important factor in the interpretation of the section and is therefore a matter for consideration by the arbitrator.

The defendant also contends, with reference to three of the grievances, that the required procedures in submitting the matters to arbitration were not complied with. This, too, is a matter to be determined by arbitration, involving the application of a provision of the agreement within the terms of Section XV–A of the contract.

An appropriate order will be entered.