INTERNATIONAL MOLDERS AND FOUNDRY WORKERS UNION OF NORTH AMERICA, Local No. 239, AFL–CIO, by Wilmer Sheckard, District Representative and Trustee Ad Litem

v.

SUSQUEHANNA CASTING CO., Inc., Wrightsville, Pa.

Civ. A. No. 6851.

United States District Court
M. D. Pennsylvania.

May 20, 1960.

Wilderman & Markowitz, Philadelphia, Pa., Levy, Mattes, Preate & McNulty, Scranton, Pa., for plaintiff.

Horace E. Smith, York, Pa., for defendant.

FOLLMER, District Judge.

This is an action by the plaintiff Union to compel arbitration by defendant of certain alleged grievances under their collective bargaining agreement which includes a provision for arbitration "in the event that disputes or grievances shall arise."

Plaintiff alleges that a grievance exists in that "defendant, without proper cause, discharged some thirty (30) employees as the result of a dispute arising

on the previous day," and that "defendant has failed and refused to comply with the provisions of the collective bargaining agreement requiring arbitration of disputes or grievances which the parties cannot settle." Defendant contends "that the alleged grievance of the plaintiff was not in fact a grievance, since members of the plaintiff walked off their jobs, in direct violation of the contract then existing by and between the plaintiff and the defendant, as more specifically provided in Article V, Section 1 thereof, as follows:

" 'Article V

" '1: * * * There shall be no lockout by the Company; no strike or stoppage of work by the Union members during the life of this Agreement.' "

■■ The question of whether under Section 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C.A. § 185) the Union may sue in a Federal District Court to compel arbitration was set at rest by Textile Workers Union of America v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972, and as Judge Lord said in Cuneo Eastern Press, Inc., of Pennsylvania v. Bookbinders and Bindery Women's Union, Local No. 2, D.C.E.D.Pa., 176 F.Supp. 956, 959, "Arbitration is to be encouraged in labor disputes. Where the *agreement* expresses a 'broad arbitration policy' a dispute should be decided by the arbitrator. * * * "

■ The precise situation now before us was recently considered by the Supreme Court of Pennsylvania in Wyoming Radio, Inc. v. National Association of Broadcast Employees & Technicians, AFL-CIO, 1960, 398 Pa. 183, 157 A.2d 366. There a dispute arose whether one Phillips was an employee (nonunion) or a private contractor. The Union attempted to force Phillips to join the Union and upon being unsuccessful, began picketing. The lower court took the position that,

"As things stand, we are not required to pass upon the question whether the dispute is arbitrable. Plaintiff insists that the union must be enjoined from pursuing the arbitration proceedings, contending that it abandoned its right to resort to arbitration when it violated the alleged oral agreement made by Mr. Connelly on April 22nd and paragraph 12(f) of the agreement which reads as follows:

" 'The Union will not cause or permit its members to cause, nor will any member of the Union with the knowledge or consent of the Union, take part in any strike, either sitdown, stay-in or any other kind of strike, or any other kind of interference, or any other stoppage, total or partial, of any of the said Station operations during the term of this Agreement * * * ' " 49 Luz. Leg.Reg. 217, 38 Labor Cases 67,-856.

The Supreme Court, holding that an arbitrable question under the provisions of the contract was involved, said, inter alia:

"It cannot be doubted that a legitimate dispute arose between the company and the union, and it is equally unquestioned that the dispute was not settled. It is not now within the province of the company to determine whether the dispute should or should not be arbitrated. * * * The person who offers carte blanche to another to enter the temple of arbitration may not later on impose restrictions as to the type of clothing the other person shall wear when he presents himself at the doors of the temple."

The same principle must apply here. To hold that a grievance, to be arbitrable, may not constitute a violation of some clause of the collective bargaining agreement would render an arbitration provision completely abortive. Plaintiff is entitled to an order compelling arbi-

tration of its grievance dispute in accordance with Article V of the collective bargaining agreement. Order may be submitted in accordance wih this Opinion.