INTERNATIONAL MOLDERS AND FOUNDRY WORKERS UNION OF NORTH AMERICA, Local 239, AFL–CIO, by Wilmer Sheckard, District Representative and Trustee ad Litem

v.

SUSQUEHANNA CASTING CO., Inc., Wrightsville, Pennsylvania, Appellant.

No. 13287.

United States Court of Appeals Third Circuit.

Argued Sept. 15, 1960.

Decided Oct. 7, 1960.

Horace E. Smith, York, Pa. (Thomas H. Reed, York, Pa., on the brief), for appellant.

Richard H. Markowitz, Philadelphia, Pa. (Richard Kirschner, Wilderman & Markowitz, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This case concerns the obligation of an employer to arbitrate a difference with a union which arises out of the contract between them. The Union applied to the district court for an order to arbitrate and that order was granted together with an opinion filed by the district judge. D.C.M.D.Pa.1960, 184 F.Supp. 543.

The Union's grievance consists of the discharge of some thirty employees by the Company. Under Article IV of the contract the right to discharge for "proper cause" is vested in the Company. The Union's claim, which it wishes arbitrated, is that the discharge was not for proper cause. The Company says, how-

ever, that the no-strike provision which appears in Article V of the contract was violated and, therefore, the discharge was proper, that the Union broke the contract and no arbitration can be properly called for.

The arbitration provision is in Article V of the contract. It provides for the steps for arbitration of "disputes or grievances."

The fact that the Company alleges that there was a violation of the contract by the Union quite clearly does not relieve it from the responsibility of arbitrating the propriety of the discharges here in question. As pointed out by the Supreme Court in United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 578–581, 80 S.Ct. 1347, 4 L.Ed.2d 1409, we must not confuse the scope of the labor-management contract with rules applicable to commercial contracts however well settled in that area.

There certainly was a grievance in this instance, namely, the discharge of thirty men claimed by the Union not to be a proper one. It is admitted by the Union that on one day some men did leave their work for at least a portion of a day. Whether that leaving was justified by the circumstances is a question for the arbitrator. If it was not justified, there is a further question of whether the drastic remedy of discharge of these men was a proper one under the terms of the contract. In other words, this case is one precisely suited to the arbitration process under the agreement that the parties have made. It is similar although not quite the same as the problem presented in our decision in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 283 F.2d 93. The cases cited in connection with that case are equally applicable here.[1] And each of our cases is within the teachings of the Supreme Court's decision in United Steelworkers of America v. American

[1] See especially, United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424, which is a case presenting a similar claim, but in a different stage of the proceedings.

Mfg. Co., decided June, 1960, and reported in 363 U.S. at page 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403.

The judgment of the district court will be affirmed.