**ASSOCIATION OF WESTINGHOUSE SALARIED EMPLOYEES (East Springfield Plant); Buffalo Salaried Employees Association, Inc.; Sharon Westinghouse Employees Association; Westinghouse Salaried Employees Association at South Philadelphia; Sturtevant Salaried Employees Association; Association of Westinghouse Salaried Employees (East Pittsburgh Plant) and Federation of Westinghouse Independent Salaried Unions**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Appellant.**

No. 13179.

United States Court of Appeals Third Circuit.

Argued Sept. 12, 1960.

Decided Oct. 7, 1960.

5. Compare Esso Standard Oil Co. v. Secatore's, Inc., 1 Cir., 1957, 246 F.2d 17, certiorari denied 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46.

John G. Wayman, Pittsburgh, Pa. (Leonard L. Scheinholtz, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellant.

Albert C. Shapira, Pittsburgh, Pa., for appellees.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the application of terms of a contract made between Westinghouse Electric Corporation whom we shall call "Company" and the complaining unions which we shall refer to as "Union." Upon complaint filed by the Union the district court ordered the defendant Company to submit the question involved to arbitration. D.C.W.D.Pa.

1959, 188 F.Supp. 225. The Company appeals.

█ The Company complains that the findings made by the district judge are too incomplete for adjudication in this Court and that the case should be remanded for further and more specific findings. The court did not make findings in numbered paragraphs. But it did file an opinion which contains findings which is a permissible method under the rule. Fed.R.Civ.P. 52(a), 28 U.S. C.A. There is sufficient material in the district court's opinion for us to proceed to the adjudication of this case.

The problem involved concerns one section of the contract between the parties.[1] It has to do with the return of a Union member who has been taken out of the bargaining unit by becoming a supervisory employee. Under what circumstances, the question is, will the provision in the contract apply.

The critical word is the verb used in describing the conditions under which the employee is to be returned to the bargaining unit. The present words in the contract are to the effect that the employee "may be returned." May be under what circumstances? Is it to be as the Company chooses and directs? Is it to be as the Union chooses and directs? Or is it to be after bargaining arrangements between Company and Union with a result mutually satisfactory?

The Company's claim is that the choice here belongs to it. It says that these words were inserted in 1954 following a long bargaining session between Union and Company on various matters between them. It says that the Union is now seeking through arbitration to secure what it voluntarily bargained away in 1954 negotiations and that this fact makes the claim one urged in bad faith and not arbitrable. The Company also

1. Section IX-4 A. "An employee who left a position classification which is within the bargaining unit, or a position classification which, if presently existing would be within the bargaining unit, to accept a supervisory position or other position classification not in a bargaining unit at the same plant or office location, may be returned to the bargaining unit with the same seniority credit as when transferred out, plus seniority credit for the period of Company service out of the bargaining unit."

calls attention to a provision in the contract which states that an arbitrator shall not "Add to, detract from, or in any way alter the provisions of this Agreement. * * * "[2] It insists that for an arbitrator to construe the clause above quoted to allow the conditions under which an employee returns to the bargaining unit would be adding to the contract as agreed upon by the parties.

■ The law to be applied here is that fashioned by the federal courts to govern such a situation. Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 456, 457, 77 S.Ct. 912, 1 L.Ed.2d 972. From 1960 decisions of the Supreme Court we have the rule which governs us here.[3] It is stated in the language of Mr. Justice Douglas, speaking for the Court, in United Steelworkers of America v. American Mfg. Co., 1960, 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432. The Court points out that the judicial function is very limited in cases where the parties have agreed to submit all questions of contract interpretation to arbitration.[4] In the language of the Court, "It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for

the arbitrator." 363 U.S. at page 568, 80 S.Ct. at page 1346.

■ It is sun-clear in this case that the disagreement between the parties is within the terms of the contract between them. The Company says that the negotiation history prior to the 1954 agreement which brought this word "may" into the language shows that the parties intended to have the conditions of the return of the employee subject wholly to its judgment. This argument is a perfectly permissible one to make but it certainly, by the directions which the Supreme Court has given, is one with which the arbitrator must labor and not the judge.[5] It may or may not be that the Company's contention is correct. The problem is the interpretation to be given the contract. That interpretation does not call for adding to or subtracting anything from it. The question arises directly from the language used and it will be the function of the arbitrator to hear the evidence from both sides and make a decision. The effect of an arbitration agreement would certainly be sharply limited if every time a question of the meaning of the agreement arose the problem became one for a court and not for an arbitrator. This is just the thing which the Supreme Court has told us to avoid.[6]

2. Section XV–A E 1.

3. On June 20, 1960, the Supreme Court handed down three decisions which provide guidance for the approach which the courts are to follow in disputes arising under labor contracts containing arbitration clauses. United Steelworkers of America v. American Mfg. Co., 1960, 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432; United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

4. Section XV–A A of the contract of the parties provides that any grievance which has not been resolved in the preliminary stages of the grievance procedure which involves "(1) the interpretation, application or claimed violation of a provision of

this Agreement * * * shall be submitted to arbitration * * *."

5. The district court in United Steelworkers of America v. Warrior & Gulf Navigation Co., D.C.S.D.Ala.1958, 168 F.Supp. 702, made a specific finding that the Union there had failed to gain by bargaining what it then sought by arbitration. See also the dissenting opinion of Mr. Justice Whittaker, 1960, 363 U.S. 574, 587, 588, 80 S.Ct. 1347, 4 L.Ed.2d 1409. The Supreme Court sent that case to the arbitrator for a determination of the meaning of the contract.

6. The Company contends that the following provision in their contract calls for a different approach than that taken by the Supreme Court in United Steelworkers of America v. American Mfg. Co., 1960, 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432; and United Steelworkers of America v. Warrior & Gulf Navigation

The same considerations apply to a minor question in the case regarding three of the grievances. The Company says that the Union made no request for arbitration following the Company's refusal to grant what the Union demanded in these three cases. Since the Union did not follow the provisions of the contract, the Company argues, these cases are not before either court or arbitrator for decision. The district judge said that these questions were also for the arbitrator. He was right. It is a fact to be determined whether strict procedural compliance was required by the parties' contract when a number of grievances arose concerning the same language of the contract and the Company denied the arbitrability of each. In addition, there is a doctrine in the law which has to do with the excuse which a party has in not following out the conditions of the contract when the other side has repudiated them. See Section 306 of the Restatement of Contracts. If the Company had repudiated what the Union claims is an obligation of the contract, then performance of procedural requirements could well be excused since the law does not require a party to do a useless act.

This, too, is for the arbitrator. Were the circumstances under which the notice was not given such as to excuse the procedural requirement that it should be given? That is a question arising out of the contract and is part of the arbitrator's task to answer.

The judgment of the district court will be affirmed.

---

Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409. The contract reads:

"Section XV–A D. The American Arbitration Association shall have no authority to process a request for arbitration or appoint an arbitrator if either party shall advise the Association that the grievance desired to be arbitrated does not, in its opinion, raise an arbitrable issue. In such event, the Association shall have authority to process the request . . . only after a final judgment of a Court has determined that the

grievance upon which the arbitration has been requested raises an arbitrable issue or issues."

The difficulty with this contention is that the Supreme Court made clear that in both the American Mfg. Co. case and the Warrior & Gulf case the question of arbitrability was for the courts to decide. United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 583 note 7, 80 S.Ct. 1347, 4 L.Ed.2d 1409. Thus no distinction exists on this basis.