**RETAIL, WHOLESALE DEPARTMENT STORE UNION, LOCAL NO. 1085, A.F. of L.–C.I.O., Plaintiff,**

v.

**VAUGHN'S SANITARY BAKERY, INC., Berwick, Columbia County, Pennsylvania, Defendant.**

Civ. A. No. 7211.

United States District Court
M. D. Pennsylvania.

Sept. 1, 1961.

Morey M. Myers, Scranton, Pa., Richard S. Hoffmann, James F. Doherty, Philadelphia, Pa., for plaintiff.

Jackson & Lewis, New York City, Charles Wolfe Kalp, Lewisburg, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff, Retail, Wholesale Department Store Union, Local No. 1085, A. F. of L.-C.I.O. (hereinafter referred to as Union), filed its complaint against Vaughn's Sanitary Bakery, Inc. (hereinafter referred to as Vaughn's) seeking to compel arbitration by Vaughn's of grievances involving the discharge of certain employees. It is alleged that the collective bargaining agreement provided in Article III thereof (Adjustment of Grievances) that,

"(A) Should differences arise between the bakery and the union as to the meaning or application of any provisions of this Agreement or should any dispute of any kind arise under this contract, there shall be no suspension of work on account of such differences but an earnest effort shall be made to settle such difference quickly and amicably in the following manner:

"1. Between the aggrieved employee and the supervisory official in the department.

"2. Between the shop committee or chairman and appropriate company official empowered to act in such manner.

"3. If a settlement is not then arranged, the representative of the A F of L-C.I.O. or more than one, if required, shall be called in to give his or their good offices in an effort to adjust the dispute.

"4. In the event the dispute shall not thus be satisfactorily adjusted within ten (10) days after it arises, it shall be referred to a board of arbitration; one of whom shall be chosen by the bakery; one by the Union and the third to be selected by both parties. If the other two arbitrators are unable to agree upon a third member, the third member shall be selected by the American Arbitration Association. Both parties agree to expedite such arbitration and such arbitration shall be concluded within fifteen (15) days after it has been submitted. The ruling of the Board of Arbitration shall be final and binding upon both parties.",

and in Article XVI (No Strike or Lock-Out) as follows:

"It is hereby agreed by the Company and the Union that there shall be no resort to strike by the employees nor any lock-out by the company of any employees or group of employees. It is understood and agreed that in the event of any strike or work stoppage on the part of the employees during the life of this Agreement, there shall be no liability on the part of the A F of L-C I O, the Local Union or any of its officers, agents or members. The sole recourse and exclusive remedy of the Employer in such event shall be to impose disciplinary measures upon the employees involved in accordance with provisions of this Agreement."

Defendant, Vaughn's, has filed a motion for judgment on the pleadings. Defendant alleges that between the discharge of an employee on November 2, 1960, and the discharge of a group of employees on November 5, 1960, namely, on November 3, 1960, "the Plaintiff's members refused to and did not report for work and com-

menced a strike" and that plaintiff is estopped from seeking arbitration. Defendant relies upon decisions such as Drake Bakeries, Inc. v. Local 50, American Bakery & Confectionary Workers International, AFL-CIO, 2 Cir., 1961, 287 F.2d 155 and Yale & Towne Manufacturing Co. v. Local Lodge No. 1717, International Ass'n of Machinsts et al., D.C.E.D.Pa.1961, 194 F.Supp. 285, 48 L.R.R.M. 2239, which hold that a Union is not entitled to a stay of an employer's suit for damages predicated upon a breach of a no-strike provision in a collective bargaining agreement on the theory that the no-strike provisions contained in those agreements were not grievances within the framework of the provisions that binding arbitration was the exclusive remedy for the settlement of grievances between the parties.[1]

Whether or not such an action by Vaughn's against the Union for damages for breach of the non-strike agreement, in view of the provision in Article XVI of the agreement that "It is understood and agreed that in the event of any strike or work stoppage on the part of the employees during the life of this Agreement, there shall be no liability on the part of the A F of L-C I O, the Local Union or any of its officers, agents or members. The sole recourse and exclusive remedy of the Employer in such event shall be to impose disciplinary measures upon the employees involved in accordance with provisions of this Agreement," could be maintained, need not be resolved at this time. It is sufficient to note, for the purpose of the present motion, that this is an action by plaintiff Union to compel arbitration of what constitutes a grievance as set forth in plaintiff Union's allegation that Vaughn's, without proper cause, discharged, on several dates, employees by reason of disputes arising under said agreement. The language in Article III of the agreement is "Should differences arise between the bakery and the union as to *the meaning*

*or application of any provisions* of this Agreement or should *any dispute of any kind* arise under this contract, * * *.*" (Emphasis supplied.)

In International Molders and Foundry Workers Union of North America, Local No. 239, AFL-CIO v. Susquehanna Casting Co., Inc., D.C.M.D.Pa.1960, 184 F. Supp. 543, this Court had before it a similar action by a Union to compel arbitration by the employer of certain alleged grievances under the collective bargaining agreement. The grievance was predicated, in similar vein to that now before us, on a charge that " 'defendant, without proper cause, discharged some thirty (30) employees as the result of a dispute arising on the previous day.' " Defendant there likewise contended " 'that the alleged grievance of the plaintiff was not in fact a grievance, since members of the plaintiff walked off their jobs, in direct violation of the contract then existing * * *.' " This Court's opinion was filed on May 20, 1960. The Supreme Court, on June 20, 1960, handed down its opinions in United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed. 2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424. American Manufacturing Company and Warrior & Gulf Navigation Co., supra, involved suits under § 301(a) of the Labor Management Relations Act, 29 U.S. C.A. § 185(a) by Unions to compel arbitration of a grievance or dispute pursuant to the respective collective bargaining agreements. Enterprise Wheel & Car Corp., supra, was an action to enforce an arbitration award.

In the light of those decisions, the Court of Appeals on the appeal in International Molders, supra, on October 7, 1960, affirmed this Court (International Molders and Foundry Workers Union of

---

1. Contra, refusing to grant such a stay, see Tenney Engineering, Inc. v. United Electrical, Radio and Machine Workers

of America (UE), Local 437 et al., D.C. N.J.1959, 174 F.Supp. 878.

North America, Local 239, AFL-CIO v. Susquehanna Casting Co., Inc., 3 Cir., 283 F.2d 80, 81). Even more significant in the light of the no liability provision in the contract now before us is the comment of the Court of Appeals in International Molders, supra, that "There certainly was a grievance in this instance, namely, the discharge of thirty men claimed by the Union not to be a proper one. It is admitted by the Union that on one day some men did leave their work for at least a portion of a day. Whether that leaving was justified by the circumstances is a question for the arbitrator. If it was not justified, there is a further question of whether the drastic remedy of discharge of these men was a proper one under the terms of the contract. In other words, this case is one precisely suited to the arbitration process under the agreement that the parties have made." And see also our Circuit Court's related discussion in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 3 Cir., 1960, 283 F.2d 93.

In the light of the foregoing, we can find no basis for defendant's motion for judgment on the pleadings.