304 F.2d 449
 WESTINGHOUSE ELECTRIC CORPORATION, Defendant, Appellant,
v.
LOCAL LODGE NO. 1790 OF DISTRICT 38 OF the INTERNATIONAL
ASSOCIATION OF MACHINISTS, AFL-CIO, Plaintiff, Appellee.
 No. 5960.
 United States Court of Appeals First Circuit.
 Heard April 6, 1962.
Decided May 3, 1962.
 
 John R. Hally, Boston, Mass., with whom James F. Smith, Pittsburgh, Pa., John K. P. Stone, III, and Nutter, Mcclennen & Fish, Boston, Mass., were on brief, for appellant.
 Arthur J. Flamm, Boston, Mass., with whom Segal & Flamm, Boston, Mass., was on brief, for appellee.
 Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit judges.
 PER CURIAM.
 
 
 1
 We see no substantial distinction between the case at bar and United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).
 
 
 2
 Judgment will be entered affirming the decree of the District Court.
 
 
 3
 ALDRICH, Circuit Judge (concurring).
 
 
 4
 I would like to add to the court's one-sentence reference to United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409. One of the provisions in the agreement on which the employer relies is that'if either party shall advise the Association that the grievance desired to be arbitrated does not, in its opinion, raise an arbitrable issue * * * (the arbitrator shall be appointed) only after a final judgment of a Court has determined that the grievance upon which the arbitration has been requested raises an arbitrable issue or issues.' In oral argument the union stated, in so many words, that this provision was meaningless and surplusage. I take it this means in view of the court's decision in Steelworkers. The company, on the other hand, argued that this clause submitted the issue of arbitrability initially and fully to the court, citing Local 201, International Union of Electrical etc., Workers (ARL-CIO) v. General Electric Co., 1 Cir., 1959, 262 F.2d 265.
 
 
 5
 There is nothing in United Steelworkers which indicates that arbitration agreements may not be limited. The parties may, if they please, provide that arbitration will depend upon the court's finding of merit in the claim sought to be arbitrated. This, however, is not this case. 'Except as otherwise provided in this Agreement,' the parties agreed, upon the request of either, to arbitrate 'The interpretation, application or claimed violation of this Agreement, * * *.' There is no exception which relates to the substance of this dispute, and nothing which gives the court any jurisdiction over the merits. A specific provision that the court shall determine the issue of arbitrability does not, as the employer argues, distinguish this case from the United Steelworkers. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 3 Cir., 1960, 283 F.2d 93, 95, fn. 6.
 
 
 6
 The question for us is simply whether the matter here sought to be arbitrated was within the arbitration clause. The issue of contracting out is normally arbitrable; it is not necessary that there be a provision specifically dealing with it. Cf. Town & Country Mfg. Co., Inc., 136 N.L.R.B. No. 111 (4/13/62). It is not necessary to decide here, and I do not understand that the court does decide, how far arbitrability would extend in case of conflicting claims between unions for the same employment. The specific points made by the employer seem to me to go only to the merits of how the arbitrator should decide, not that the issue does not involve 'interpretation, application or claimed violations' of the agreement. Since lack of merit-- even if that be the case here, which, of course, we do not decide-- is not a ground for denying arbitration, New Bedford Defense Products, etc. v. Local 1113 etc., 1 Cir., 1958, 258 F.2d 522, the employer has made no case. See Meltzer, The Supreme Court, Arbitrability & Collective Bargaining, 1961, 28 U.Chi.L.Rev. 464; Hays, The Supreme Court & Labor Law, 1960, 60 Colum.L.Rev. 901, 919.