COMMUNICATIONS WORKERS OF AMERICA

v.

BELL TELEPHONE LABORATORIES, INC., a New York Corporation, Appellant.

No. 15125.

United States Court of Appeals Third Circuit.

Argued May 4, 1965.

Decided Aug. 6, 1965.

Thomas L. Morrissey, Carpenter, Bennett & Morrissey, Newark, N. J. (Laurence Reich, Virginia D. Fenton, Newark, N. J., on the brief), for appellant.

Sidney Reitman, Kapelsohn, Lerner, Leuchter & Reitman Newark, N. J., for appellee.

Before KALODNER, HASTIE and FREEDMAN, Circuit Judges.

KALODNER, Circuit Judge.

This appeal is taken from the Judgment of the United States District Court for the District of New Jersey declaring the existence of an issue for arbitration in accordance with the collective bargaining agreement between the parties.

Suit was instituted by Communication Workers of America ("Union") against Bell Telephone Laboratories, Inc. ("Employer") for a declaration of its rights under the collective bargaining agreement between them and to compel arbitration. Jurisdiction is founded upon Section 301(a) of the Labor Management Relations Act, 61 Stat. 156, 29 U.S.C.A. § 185(a).[1]

The facts are not in dispute. Union was, at the times relevant here, an industrial labor organization duly designated as the collective bargaining agent of certain employees of Employer. Union and Employer entered into a collective bargaining agreement as of January 6, 1961, effective until January 5, 1964. On January 10, 1962, Employer filled a vacant position (plant maintenance hand) by promoting one Finch. Union claimed that one Cobb was entitled to the position because his qualifications were substantially equal to those of Finch, and he had greater seniority. The controversy not being otherwise resolved, Union demanded arbitration and set forth the matter in dispute with re-

---

1. Section 301(a) provides:
"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organiza-tions, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

spect to which it sought arbitration as follows:

"The Union charges that the Company failed to fulfill its commitment contained in Article 14, Section 14.02 in failing to promote employee Cobb to the position of plant maintenance hand, where Cobb and employee Finch had substantially equal qualifications, but Cobb had greater seniority. The Union demands that Cobb be promoted to the job of plant maintenance hand and be awarded back pay retroactive to January 10, 1962, the date when the promotion was effective."

Employer would not proceed to arbitration on the issue thus stated; hence, this action.

In the court below, Union asserted that it had stated an issue which on its face was subject to be arbitrated under Section 14.02 of Article 14 and Article 17 of the collective bargaining agreement.[2] Employer contended that Union failed to specify the contract commitment in Section 14.02 which could be deemed unfulfilled under the factual allegations presented and that the subject matter of the demand was outside the scope of the "uniquely restricted" arbitration provisions of Article 17. It further offered to prove the meaning of the agreement if the district court believed the contract was ambiguous, by adducing evidence of the negotiations respecting arbitrability of promotions.

The district court concluded that the issue presented by Union sufficiently informed Employer of the subject matter sought to be arbitrated and that on its face the claim to arbitration was within the arbitration provisions of the agreement. It rejected the offer of proof of Employer.

We agree with the district court.

In substance, Employer asserts that no "commitment" under Section 14.02 is involved because that Section recites that seniority shall be determinative "when two or more employees have in the opinion of Laboratories [Employer] substantially equal qualifications for the job to be filled." Accordingly, it says, unfettered discretion to determine whether qualifications are "substantially equal" is reserved to management. It concludes that the substance of the dispute is promotion, and therefore the grievance should be classified either as involving unfair treatment of, or discrimination against, an employee (Section 16.01(3)), or as involving conditions of employment (Section 16.01(2)), neither of which is a subject of required arbitration.

■ Notwithstanding the assertion of Employer that the arbitration clause of the agreement is "uniquely restricted", it does provide for the arbitration of "differences arising with respect to the *interpretation* of this Agreement *or* regarding a charge that a *commitment* herein contained has not been fulfilled" (emphasis supplied). Article 17, Section 17.01, Appendix, infra. While Employer professes that Union points to no unfulfilled "commitment" under Section 14.02, it relies upon its contention that in the context of the factual situation the agreement gave to management unfettered authority to decide what were "substantially equal qualifications." Whether this is so involves, in our opinion, as in the district court's opinion, an issue of interpretation of the agreement.

■ We adhere to our decisions in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 3 Cir., 283 F.2d 93 (1960) and General Warehousemen and Employees Union No. 636 v. American Hardware Supply Co., 3 Cir., 329 F.2d 789 (1964), cert. den. 379 U.S. 829, 85 S.Ct. 57, 13 L.Ed.2d 37. They bespeak our view of the law settled in United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432

2. Pertinent excerpts from the collective bargaining agreement are set out in an Appendix, infra.

(1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). They are consistent with John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). These cases stand for the proposition that when the issue presented is, on its face, within the contractual agreement to arbitrate, the court shall not interfere.

Employer relies upon Pacific Northwest Bell Telephone Co. v. Communications Workers of America, 310 F.2d 244 (9 Cir. 1962), in support of its offer of proof. We need not decide whether the theory of that case is supportable, for it is distinguishable: there, the court was faced with what it considered an omission of expression in the contract. Here, the contract to arbitrate specifically includes differences with respect to interpretation of the agreement as well as violations of contractual commitments.

There is one final matter for our attention. Employer complains of the form of the Judgment of the district court. The Judgment in essence declared that an arbitrational issue was presented which should be referred to an arbitrator for disposition in accordance with the agreement between the parties and the opinion of the court. Employer expresses the concern that the arbitrator's authority may be infringed by the Judgment. It fears that because evidence as to the meaning of the contract was rejected in this proceeding it may be precluded from adducing such evidence before the arbitrator.[3] It says that this does not involve the threshold question of whether the arbitrator has jurisdiction "in the broad sense." We believe such fears are groundless, for we only decide here that the issue presented by Union is one for arbitration. We do not decide how the contract should be interpreted or what evidence is or is not admissible to determine how it shall be interpreted or to determine whether a commitment was unfulfilled. See Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., supra. As the district court noted, after the court has determined that an arbitrable issue exists, the rest remains for the arbitrator. John Wiley & Sons, Inc. v. Livingston, supra.

For the reasons stated, the Judgment of the district court will be affirmed.

## APPENDIX

Excerpts from Collective Bargaining Agreement
Dated January 6, 1961.
Article 14
Job Vacancies and Promotions

\* \* \* \* \* \*

Section 14.02—Filling of Job Vacancies

The factors to be taken into consideration in the filling of a job vacancy with an employee from a lower-rated classification shall be seniority and necessary qualifications for the job to be filled. Seniority shall determine the selection of an employee for a higher-rated classification when two or more employees have in the opinion of the Laboratories substantially equal qualifications for the job to be filled. For such vacancies, the Laboratories may give equal consideration to employees who at any time have been members of the bargaining unit.

\* \* \* \* \* \*

---

3. Employer's "Second Proposed Form of Judgment" submitted to the district court provides, in pertinent part, as follows:
"ORDERED AND ADJUDGED, that there be referred to arbitration under the January 6, 1961 collective bargaining agreement between plaintiff and defendant the matter set forth by plaintiff in its letter to defendant dated May 25, 1962, for determination by the arbitrator whether as a matter of contract interpretation defendant reserved to itself an unfettered discretion in the selection of employees for promotion, and if not, whether it violated any contractual commitment in failing to promote the grievant Cobb."

## Article 16

### Grievance Procedure

#### Section 16.01—Definition of a Grievance

A grievance is any dispute or complaint arising between the Laboratories and an employee, group of employees or the Union with respect to:   .

(1) The interpretation of this Agreement or a charge that any commitment herein contained has not been fulfilled, or

(2) Wages or other compensation, hours of work and other conditions of employment, or

(3) Charges or allegations that an employee or group of employees has been treated unfairly or discriminated against in any manner.

#### Section 16.02—Normal Procedure

a. The normal procedure for the presentation and prompt settlement of any grievance arising between an employee or group of employees and the Laboratories shall be as follows:

(1) Between the immediate supervisor and (a) the employee with or without a representative of the Union at the election of the employee, or (b) a Union representative.

Grievances will not be settled with an employee or employees without giving the Union adequate notice and an opportunity to have a Union representative present at the settlement.

If not settled within a period of seven days, then,

(2) Between a member of the Grievance Committee of the Union and higher levels of supervision within the department. If not settled within a period of seven days, then,

(3) Between the Grievance Committee of the Union and the appropriate Area Manager. If not settled within a period of seven days, then,

(4) In a conference between the presidents of each of the locals of the Union, International representative or representatives of the Union, and the authorized representative or representatives of the Laboratories to be held within ten days after notice in writing from either party to the other.

(5) When a grievance regarding the interpretation of this Agreement or regarding a charge that a commitment herein contained has not been fulfilled cannot be settled according to this procedure, it may be taken to arbitration in accordance with Article 17.

\* \* \* \* \* \*

## Article 17

### Arbitration

#### Section 17.01

If the Union and Laboratories fail to settle by negotiation any differences arising with respect to the interpretation of this Agreement or regarding a charge that a commitment herein contained has not been fulfilled, such differences (provided that the grievance procedures as to such dispute have been exhausted) shall be referred upon written demand of either party to an impartial arbitrator mutually agreeable to both parties. Such demand shall be presented within thirty days after a party notifies the other of its final answer to the grievance. Each such referral shall include but one such dispute unless otherwise agreed. It is understood that, except as this Agreement expressly provides otherwise in Article 12, Article 15, Article 18, and Article 26, the right to require arbitration does not extend to any matter other than those expressly set forth in this Article. If, within ten days of such demand, the parties are unable to agree on the person to be selected as arbitrator, he shall be designated upon request of either party in accordance with the procedures of the Federal Mediation and Conciliation Service.

#### Section 17.02

The authority of the arbitrator shall be subject to the foregoing and shall not permit him to add to, subtract from, or in any way modify the terms of this contract not to deal with any question relating to discretionary payments, merit consideration or interpretations of law.

Section 17.03

Should the arbitrator provide for reinstatement of any discharged employee, wages received in other employment, unemployment benefits received, and payments other than wages received from the Laboratories at the time of termination of employment shall be deducted from any monetary arbitration award.

Section 17.04

The decision of the arbitrator shall be final and binding on the Union and the Laboratories.