LOCAL 719, AMERICAN BAKERY AND CONFECTIONERY WORKERS OF AMERICA, A.F.L.–C.I.O., Plaintiff

v.

The NATIONAL BISCUIT COMPANY, Defendant.

Civ. A. 823–65.

United States District Court
District of New Jersey.

March 25, 1966.

Parisi, Evers & Greenfield, Hackensack, N. J., by Richard Fishkin, Fort Lee, N. J., and Caesar Guazzi, New York City, for plaintiff.

O'Mara, Schumann, Davis & Lynch, by James A. Hession, Jersey City, N. J., and Morton M. Maneker, New York City, for defendant.

WORTENDYKE, District Judge.

This action, brought under N.J.S.A. 2A:24-7 by a labor organization against an employer of members thereof, to vacate the award of an arbitrator, was instituted in the Law Division of the Superior Court of New Jersey and removed to this Court because of its jurisdiction under 29 U.S.C. § 185(a) and 28 U.S.C. §§ 1331 and 1337.

The cause of action is based upon a Collective Bargaining Agreement between the parties providing for the arbitration of certain disputes between them. The arbitrator held that the issues submitted were arbitrable and made an award upon the merits. The Local contends that the arbitrator's decision "exceeded his powers and was so imperfectly executed that a mutual, final and definite award upon the subject matter submitted was not made." The employer denies this contention and counterclaims for judgment confirming the arbitrator's award. Defendant moves for summary judgment pursuant to F.R.Civ.P. 56. The motion was briefed and argued. This opinion embodies the Court's opinion thereon.

In support of the motion, defendant urges:

(1) The question of arbitrability of the dispute was expressly submitted to the Arbitrator by both parties.

(2) The Local Union waived judicial determination of arbitrability by participating in the arbitration proceedings upon the merits.

(3) The dispute was arbitrable under the Collective Bargaining Agreement and controlling law.

The dispute giving rise to the arbitration presented the question whether certain work schedules proposed by the employer for shipping branch loading, unloading and assembly operations at the employer's place of business in Fair Lawn, New Jersey, would exceed "a fair day's work" as that phrase is used in Section 2 of Article 28 of the Collective Bargaining Agreement.

Article 28 of the Collective Bargaining Agreement provides:

"Section 1. The Management of the business of the Company, the direction of its working forces, the schedules and quantities of production and the methods, processes and means of manufacturing, are prerogatives of the Management.

It is understood that no provisions of this paragraph shall in any way interfere with, or abrogate any rights conferred upon the Union or its members, by any other clause contained in this Agreement.

Section 2. In cases where changes in methods of manufacturing or increases in production are contemplated by the Management, the Company will submit such changes to the Business Representative and/or top official of the Local Union. Where the Union claims that any such change will result in more than a fair day's work for the employees involved, such change shall be submitted to a person designated by the top official of the parent body of the local union and to a person designated by the Management, in an effort to reach an agreement. Where both officials fail to reach an agreement, they shall choose a mutually satisfactory third (3rd) person as arbitrator of the dispute. His decision shall be final and binding on both parties."

It is conceded that the employer operates a commercial bakery in which it manufactures many varieties of cookies and crackers. Its 1500 employees are members of Local 719. Approximately 80 of the employees are employed in the

shipping branch of the factory from which baked goods, in containers of various sizes and shapes, are dispatched by truck and rail in interstate commerce.

■ Where, as here, parties to a Collective Bargaining Agreement have committed themselves to arbitrate disputes arising under the agreement, the Court is called upon to ascertain only whether the party seeking arbitration is making a claim which on its face is governed by the agreement. The merits of the claim are exclusively for the arbitrator. International Tel. & Tel. Corp. v. Local 4Q0, Etc., 286 F.2d 329 (3 Cir. 1961). Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 283 F.2d 93 (3 Cir. 1960); International Molders & F.W.U. v. Susquehanna Casting Co., Inc., 283 F.2d 80 (3 Cir. 1960).

■ Is the dispute which was arbitrated in this case one arising under the Collective Bargaining Agreement? The answer to this question depends upon the construction of Section 2 of Article 28 of the agreement which provides a grievance procedure, with arbitration, " * * * changes in methods of manufacturing or increases in production * * * " contemplated by the Management? More specifically, are certain work schedules, proposed by the employer under its conceded authority granted by Section 1 of the same Article, for the shipping department of its plant, in excess of a fair day's work for the times scheduled, such changes as would be " * * * changes in methods of manufacturing or increases in production * * * " contemplated by the Management? This question compels an affirmative answer.

■ The power of Congress to confer upon this Court jurisdiction over the subject-matter of this action derives from the constitutional delegation of authority over Interstate Commerce. The parties to this action are engaged in Interstate Commerce. The function of shipment of its products in Interstate Commerce is the link which ties into such commerce the function of manufacture of defendant's products. "Increases in production" as used in Section 2 of Article 28 of the Collective Bargaining Agreement is a phrase descriptive of that link in the course of production which involves the shipment of defendant's merchandise. Defendant's shipping department is as critical a feature of its production processes as is the manufacturing of its merchandise. Work schedules in defendant's shipping department prescribe the rate of employee performance in the shipping phase of defendant's production activities. An acceleration of such a rate constitutes an increase in production within the meaning of the arbitration provisions of the agreement.

> "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is *not* susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Emphasis supplied) United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409.

There was no express provision in the Collective Bargaining Agreement excluding from arbitration the question whether adoption of the employer's proposed work schedules for shipping branch loading would exceed a fair day's work. Therefore only the most forceful evidence of a purpose to exclude the subject from arbitration can prevail. United Steelworkers of America v. Warrior & Gulf Navigation Co., supra at 585, 80 S.Ct. 1347. No such evidence appears.

■ Plaintiff cannot be heard to contend now that the question submitted to the arbitrator was not arbitrable after having consented that the arbitrator should decide its arbitrability, and after having submitted the merits of the dispute to the arbitrator after he had ruled that it was arbitrable. There is nothing in the Arbitration Act, 9 U.S.C. § 1 et seq. or in the National Labor Policy of

promoting industrial stabilization through settlement of labor disputes by arbitration which would render ineffective the agreement of the parties to arbitrate the threshold question of arbitrability. Metal Products Workers Union, Local 1645 v. Torrington Co., 242 F.Supp. 813, 820 (D.Conn.1965).

■ Because I find that the dispute between the parties was arbitrable within the provisions of the Collective Bargaining Agreement, and has been found to be arbitrable by the arbitrator upon a consent submission of that issue by the parties, this court will not review the arbitrator's decision upon the merits. United Steelworkers of America v. Warrior & Gulf Navigation Co., supra at 585; United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

F.R.Civ.P. 56, under which the pending motion of the defendant for Summary Judgment is made, requires (c) that it be shown by the movant that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

There is no genuine issue of material fact confronting me on this motion because I am called upon only to determine whether the dispute between the parties alleged in the complaint is arbitrable within the meaning of the provisions of the Collective Bargaining Agreement between the parties. I have concluded that the dispute is arbitrable. Since the dispute is arbitrable the decision of the arbitrator upon the merits becomes, by the terms of the Collective Bargaining Agreement, final and binding upon the parties. The Federal Arbitration Act, 9 U.S.C. § 2 provides that a written provision in a contract to settle by arbitration a controversy thereafter arising out of such contract or an agreement in writing to submit to arbitration an existing controversy arising out of such contract shall be valid, irrevocable and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract. This court's power to vacate an award made in an arbitration is derived from § 10 of the same title and is limited to the following grounds: "(a) Where the award was procured by corruption, fraud or undue means; (b) Where there was evident partiality or corruption in the arbitrators * * *; (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any parties have been prejudiced; (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

None of the grounds urged by the plaintiff in opposition to this motion discloses any basis for the vacation of the arbitrator's award. Upon the record submitted, there is no basis for finding that the arbitrator exceeded his powers or failed and refused to consider pertinent and material evidence, or that the award is so imperfect and indefinite as to be incapable of finality, or that the arbitrator abused his discretion by making a finding of fact unsupported by the evidence, or based his decision upon erroneous evidence, or that the award contained insoluble contradictions and inconsistencies. That the arbitration took place during the life of the Collective Bargaining Agreement does not impair the validity of the award. However, having found that the parties contracted to arbitrate with finality the disputes submitted, and that the Collective Bargaining Agreement did not remove from the field of arbitration the question of the arbitrability of the dispute, I do not reach nor will I pass upon the sufficiency of the evidence to support the arbitrator's award. Accordingly, the motion of the defendant for Summary Judgment will be granted and an appropriate Order may be submitted.