**Jose Antonio MEDINA–FIGUEROA, et al., Plaintiffs,**

v.

**Dr. Eduardo HEYLINGER, et al., Defendants.**

**Misc. No. 83–117 HL.**

United States District Court, D. Puerto Rico.

July 31, 1986.

Maximiliano Trujillo González, Hato Rey, P.R., for plaintiffs.

Luis F. Montijo, Miranda Cardenas de Corral & Rodríguez, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs, José Antonio Medina-Figueroa and Hilda Luz Molina-Ortiz, are debtors in a Chapter 13 bankruptcy case pending before the U.S. Bankruptcy Court for the District of Puerto Rico and Robert Griswold, Bankruptcy Trustee. Plaintiffs have filed a medical malpractice claim against defendants, Dr. Eduardo A. Heylinger, the Patient Compensation Fund, and other unknown doctors and insurance companies in the Bankruptcy Court where their Chapter 13 petition is pending. The case was transferred to this Court by the Bankruptcy judge pursuant to subsections (d)(3)(B), (e)(2)(B), and (d)(1)(D) of the Emergency Rules of the Bankruptcy Court adopted by the U.S. District Court for the District of Puerto Rico on December 22, 1982.[1] Defendants have filed a Motion to Dismiss arguing that neither this Court nor the Bankruptcy Court have jurisdiction to hear plaintiffs' claim for medical malpractice.

Originally plaintiffs Hilda Luz Molina Ortiz and José Antonio Medina Figueroa filed a claim in the Superior Court of San Juan against defendants, Dr. Heylinger, et al., for the negligent practice of medicine under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141. There, plaintiffs alleged that Dr. Heylinger and other unknown doctors negligently operated on plaintiff Hilda Molina, causing a cut in her bladder and/or ureter with the result of permanent damage to plaintiff's kidney.

On November 13, 1982, plaintiffs informed the Superior Court that they had filed a Chapter 13 Bankruptcy petition in the U.S. Bankruptcy Court. On February 9, 1983, the Superior Court dismissed plaintiffs' claim without prejudice. No decision on the merits of the case was ever rendered.

Following the dismissal of the Superior Court case, plaintiffs filed the identical claim for medical malpractice before the Bankruptcy judge presiding over their Chapter 13 petition. In their complaint, plaintiffs ask for damages of approximately $1 million for past and future medical expenses, loss of earnings, physical pain, mental suffering and loss of consortium.

Though the action filed in the Bankruptcy Court fails to state the legal grounds of plaintiffs' claim, it is clear that the cause of action is based on Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141. The complaint raises no federal question, see 28 U.S.C. sect. 1331, upon which federal court jurisdiction could be based, and there exists no diversity of citizenship between the parties, see 28 U.S.C. sect. 1332. If this Court has jurisdiction over plaintiffs' claim it is by virtue of the bankruptcy laws alone. Defendants contend in their Motion to Dismiss that the bankruptcy laws do not authorize federal court jurisdiction in this instance. Defendants' motion also raises the issue whether, even if this Court does have jurisdiction, we should abstain from hearing the case.

Title 28 of the U.S.Code sect. 1334 together with 28 U.S.C. sect. 157 determine whether the federal district court and federal bankruptcy court have jurisdiction of cases "arising under" the Bankruptcy Act, 11 U.S.C. sect. 101 et seq., or "related" to

---

**1.** Section (d)(3)(B) of the Emergency Rules states:

In related proceedings, the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to the entry of the judgment or order by the bankruptcy judge.

Section (e)(2)(B) states:

In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject or modify in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

Section (d)(1)(D) states:

(d) Powers of the Bankruptcy Judges:

(1) The Bankruptcy judges may not conduct

. . .

(D) jury trials.

an action under Title 11. The portion of 28 U.S.C. sect. 1334 relevant to this case states:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) ... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. sect. 157 states in pertinent part:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

.    .    .    .    .

(b)(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

■ These jurisdictional provisions distinguish between civil proceedings a) "arising under" title 11, b) "arising in" cases under title 11, and c) "related to" cases under title 11. Pursuant to 1334(b) the federal district court has original, but not necessarily exclusive, jurisdiction of all claims falling within one of the three categories. However, for those actions which fall into a fourth category of proceedings; claims having only an exiguous relationship to the title 11 claim, there exists no federal court jurisdiction. *See* 1 Collier on *Bankruptcy,* sect. 3.01[e][ii] (15th Ed., 1986). The issue presented by this case is whether plaintiffs' malpractice claim is a "related" proceeding or whether it falls into the fourth category, leaving this Court without jurisdiction.

■ A claim is within the fourth category of civil proceedings if it will have scant or no impact on the administration of the title 11 case. *See, e.g., Turner v. Ermiger,* 724 F.2d 338 (2nd Cir.1983) (federal district court had no jurisdiction over claim to property which was exempt from the bankruptcy estate); *Bobroff v. Continental Bank,* 766 F.2d 797, 12 C.B.C.2d 1491 (3rd Cir.1985) (federal district court was without jurisdiction over a claim to property not included in the bankruptcy estate because the claim arose after the filing of the bankruptcy petition). By comparison, a proceeding is "related" to the title 11 case if the outcome of the proceeding could conceivably affect the estate in bankruptcy. 1 Collier on *Bankruptcy, supra,* sect. 3.01[vi]. Related proceedings include those claims to property of the bankruptcy estate as defined by 11 U.S.C. sect. 541. Collier, *supra,* at 3.01[iv]. These claims are related because they will have an effect on the assets held by the estate in bankruptcy.

■ Apart from minor exceptions not applicable here, property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. sect. 541(a). This provision has been interpreted to include as property of the estate a debtor's claim for injuries to the person whether the claim is unliquidated or settled at the time of filing the bankruptcy petition. *Tignor v. Parkinson,* 729 F.2d 977, 981 (4th Cir.1984); *see also,* 4 Collier on *Bankruptcy,* sect. 541.10[3] (5th Ed.1986). The debtor's personal injury claim remains the property of the bankruptcy estate unless it qualifies as an exception under 11 U.S.C. sect. 522. The relevant portion of the exempt property provision, 11 U.S.C. sect. 522(b), provides:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this section specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection

(d) of this section, or State or local law that is applicable on the date of the filing of the petition ...

Plaintiffs do not indicate whether they have chosen exemptions pursuant to federal law, 11 U.S.C. sect. 522, or to the law of Puerto Rico. Whichever the choice, the result is identical; that plaintiffs' claim for malpractice against defendants is included as property of the bankruptcy estate. The Puerto Rico Homestead Exemption provision, 32 L.P.R.A. sect. 1130, does not include an exemption for a debtor's claim for personal injuries. The federal exemption provision, 11 U.S.C. sect. 522(d)(11)(D) does authorize an exemption for "a payment, not to exceed $7,500, on account of personal bodily injury ..." However, plaintiffs' claim for personal injury is not at this time property exempt from the estate because plaintiffs seek an award of damages totally close to $1 million, far in excess of the $7,500 limit provided by 11 U.S.C. 522(d)(11)(D).[2]

It follows that plaintiffs' claim for malpractice is "related" to their title 11 claim giving this Court jurisdiction of the case under 28 U.S.C. 1334(b). Related proceedings include claims, such as plaintiffs', to property of the bankruptcy estate as defined by 11 U.S.C. sect. 541 owned by plaintiff at the time of filing the bankruptcy petition. Plaintiffs' malpractice claim arose prior to filing for bankruptcy. Pursuant to sect. 541(a) this claim is property of the estate which cannot be exempted under either the law of the Commonwealth or under federal law.

■ The remaining issue is whether it is proper for this Court to abstain from hearing plaintiffs' claim. It has been held that the discretionary abstention provision applies to tort claims related to the bankruptcy proceeding. *In re White,* 761 F.2d 270 (6th Cir.1985); *see also,* Collier, *supra,* sect. 3.01[3][c]. Hence a related tort claim is properly heard in the state court or in the federal district court where the bankruptcy case is pending, or in the district where the claim arose, 28 U.S.C. sect. 157(b)(5).

■ In the present situation plaintiffs' claim for malpractice has been dismissed by the Superior Court. To abstain at this time would, at worst, require plaintiffs to file a new action in the Superior Court and at best require an attempt to reopen a case which has been closed for over three years. For these reasons, we find abstention to be improper and against the interests of justice and judicial expediency.

WHEREFORE, defendants' Motion to Dismiss for lack of jurisdiction is DENIED.

IT IS SO ORDERED.

---

2. Plaintiffs may, of course, apply to the bankruptcy court for an exemption up to the limits provided in section 522(d)(11)(D) after settlement of judgment has been reached.