Juan **FLORES RIVERA,**
et al., **Plaintiffs,**

v.

**TELEMUNDO GROUP,**
et al., **Defendants.**

**Civ. No. 90–1537 GG.**

United States District Court,
D. Puerto Rico.

Aug. 5, 1991.

Dubon & Dubon, Rafael Maldonado Nicolai, Moreda & Moreda, José L. Rivero Vergne, San Juan, P.R., for plaintiffs.

McConnell, Valdes, Sifre, Kelley, Rafael Pérez Bachs, San Juan, P.R., for Telemundo Group.

Carlos Martínez Texidor, Ponce, P.R., for Carmen Jovet.

## OPINION AND ORDER

GIERBOLINI, Chief Judge.

The issue before the court is whether this court should abstain from hearing an action for defamation when the only basis for subject matter jurisdiction is that plaintiffs have filed a Chapter 13 petition before the United States Bankruptcy Court for the District of Puerto Rico.

## I. BACKGROUND

On May 9, 1989, "Carmen Jovet Controversial," a popular television program host-ed by Carmen Jovet, a television celebrity, featured a documentary about several individuals arrested and subsequently charged in connection with the Wells Fargo robbery in Hartford, Connecticut. The Wells Fargo robbery was carried out by a band known as the "Macheteros."

The complaint alleges that plaintiff Juan Flores Rivera was shown in the documentary and identified as a member of the "Macheteros" group. As a result of the defamatory identification, plaintiff Juan Flores Rivera, a hardware products salesman, was allegedly deprived by his employer of handling one hardware product line and he lost many clients. Plaintiffs further allege that they have been threatened with violence and have suffered mental and economic damages. Unable to cope with their financial difficulties allegedly sustained as a result of the defamatory identification, plaintiffs sought the protection afforded by Chapter 13 of the Bankruptcy Code in October 3, 1989.

## II. DISCUSSION

Section 1334(b) provides:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to a case under title 11.

Although defendants do not argue that this action is not "related to" plaintiff's bankruptcy proceeding, we note that the Circuits have adopted different interpretations for determining whether a civil proceeding is "related to bankruptcy". *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 n. 19 (11th Cir.1990) (noting that the majority of Circuits have adopted the test set forth by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)). The First Circuit has yet to address the issue. Nevertheless, even under the most restrictive interpretation of the "related to" language of Section 1334(b), we find that the outcome of the

instant action may have an effect on plaintiff's estate. Therefore, we hold that this case is related to plaintiff's bankruptcy proceeding because it seeks to recover money damages for an alleged injuries which accrued prior to the commencement of this case. *Cf. In re Bobroff,* 766 F.2d 797 (3rd Cir.1985) (debtor's tort causes of action were not property of the estate because they did not accrue until after the Chapter 7 petition was filed). Section 541 of the Bankruptcy Code supports our conclusion. It defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a)(1); *In re Gull Air, Inc.,* 890 F.2d 1255 (1st Cir.1989).

## A. Mandatory Abstention

On May 29, 1991, codefendant Telemundo of Puerto Rico, Inc. ("Telemundo") filed a motion arguing that this court should abstain from hearing plaintiffs action pursuant to 28 U.S.C. § 1334(c)(2).[1] Plaintiffs opposed codefendant's motion for mandatory abstention by arguing that Section 1334(c)(2) is not applicable to this case.

One of the requirements for mandatory abstention under Section 1334(c)(2) is the pendency of a state court action. In this case, plaintiffs have not filed a defamation action before the Commonwealth courts. Nevertheless, relying on *In re World Solar Corp.,* 81 B.R. 603 (Bankr.S.D.Cal.1988), codefendant Telemundo argues that mandatory abstention in this case is warranted.[2]

In *In re World Solar Corp.,* the bankruptcy court concluded that "a pending state court action is not a prerequisite for mandatory abstention." We disagree. The language of Section 1334(c)(2) is clear; in order for the statutorily mandated abstention to apply to this proceeding, an action in the Commonwealth courts must be pending. *See* 28 U.S.C. § 1334(c)(2) ("[T]he district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.").[3] The court in *In re World Solar* read out of Section 1334(c)(2) the requirement that a state court action must be pending. Despite Telemundos's obstinacy in arguing that under Section 1334(c)(2) this court is required to abstain from hearing this case, we find that one of the essential elements for the application of Section 1334(c)(2) is absent here. *See, e.g., In re Kolinsky,* 100 B.R. 695 (Bankr. S.D.N.Y.1989) (citing cases holding that a state court action is an essential element of Section 1334(c)(2)).

## B. Permissive Abstention

On July 2, 1990, codefendant Carmen Jovet filed a motion arguing that this court should abstain from hearing this case under 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding

---

**1.** Section 1334(c)(2) provides in pertinent part: Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

**2.** Telemundo's also argues that statistics show that this court would be overburdened with civil cases if there is a contract or tort claim lurking

in the numerous bankruptcy cases filed in this district. We find this argument irrelevant. We are here to decide cases, not to sit around and speculate as to the merits of one statistic versus another statistic. In fact, experience shows that defendant's theory is false. This district has been allowing suits like this one to proceed since at least 1986, *see Medina–Figueroa v. Heylinger,* 63 B.R. 572 (D.P.R.1986), and we have yet to endure an avalanche of civil cases flowing from bankruptcy proceedings.

**3.** We note, however, that the meaning of the language in Section 1334(c)(2) to the effect that the action "can be timely adjudicated" in state court is less clear.

arising under title 11 or arising in or related to a case under title 11.

We find that the criteria for permissive abstention is not present in this case. No interest of justice will be served by dismissing this case and forcing plaintiffs to run to the Superior Court to file a new suit. Nor can we say that the doctrine of comity requires abstention in this case. Plaintiff has not brought a parallel state action [4] and the complaint is based on issues of law that are neither novel, complex nor unsettled.

In *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990), the Ninth Circuit set forth the following list of factors to consider in deciding whether to abstain under Section 1334(c)(1):

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of nondebtor parties.

912 F.2d at 1167 (citation omitted).

Two factors that weigh in favor of abstention are that this case is a non-core proceeding [5] and only Commonwealth law issues are involved since the sole question is whether defendants actions were defamatory. In addition, the only jurisdictional basis is Section 1334. However, other, more substantial factors weigh heavily against abstention. The Commonwealth law of defamation is well established and plaintiffs allegedly sought the protection of Chapter 13 due to the alleged defamation subject of this suit. *See In re Titan Energy, Inc.*, 837 F.2d 325, 333 (8th Cir.1988) (when claims asserted are based on state law and they relate only peripherally to the bankruptcy, abstention is appropriate). Furthermore, a timely resolution of this action may substantially affect the administration of plaintiff's estate. Finally, plaintiffs have not commenced an action in the Superior Court. In sum, the majority of the applicable factors cited by the *In re Tucson Estates, Inc.* court counsel against abstention in this case. *See also Medina–Figueroa v. Heylinger*, 63 B.R. 572 (D.P.R.1986) (abstention improper in debtors' medical malpractice claim).

### III. CONCLUSION

In view of the foregoing reasons, defendants' motion for abstention is hereby DENIED.

SO ORDERED.

---

**4.** In this sense, the cases cited by codefendant Jovet are distinguishable. In *In re White Motor Credit*, 761 F.2d 270 (6th Cir.1985), the court found that permissive abstention was authorized with respect to tort cases pending before other courts. Similarly, in *Otero Laborde v.*

*Sociedad Espanola de Auxilio Mutuo*, 90 D.C.O. 029 (D.P.R.1990), the tort case had been before the Commonwealth court for three years prior to its removal to the federal court.

**5.** *See* 28 U.S.C. § 157(b).