**In re MEC STEEL BUILDINGS, INC., Debtors.**

**MEC STEEL BUILDINGS, INC., Plaintiff,**

**v.**

**SAN LORENZO CONSTRUCTION CORP., Defendant.**

**Bankruptcy No. B–90–03042(ESL).**
**Adv. No. 91–0019.**

United States Bankruptcy Court, D. Puerto Rico.

Jan. 30, 1992.

Charles A. Cuprill–Hernandez, Ponce, Puerto Rico, for plaintiff.

Francisco J. Cobián, Cobián & Ramos, San Juan, Puerto Rico, for defendant.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the Court upon a Motion to Dismiss filed by defendant San Lorenzo Construction Corp. Defendants allege that the issue in dispute in the present case constitutes a non-core matter, and thus, the bankruptcy court lacks subject matter jurisdiction to enter a final order or judgment. Defendants state that because "plaintiff is pursuing a collection of monies for alleged events that occurred practically one year prior to the bankruptcy petition ... the complaint should be dismissed as the matter is essentially non-core" (docket # 5). Defendant adds that when confronted with a non-core matter the bankruptcy court is limited to enter proposed findings of fact and conclusions of law to the district court, and this matter would be best decided by a state court because the applicable law is state law and not bankruptcy law.

In turn, plaintiff/debtor Mec Steel Buildings, Inc. in the Answer to the Motion to Dismiss alleges that the instant action constitutes a core proceeding inasmuch as the plaintiffs' claim constitutes property of the debtor's estate. Core proceedings include actions involving the administration of the debtor's estate and orders to turnover property of the estate, among others. Plaintiff explains that this action involves the administration of the estate and the turning over of a matured debt property of the estate and thus it constitutes a core proceeding according to 28 U.S.C.A. § 157(b)(2)(A), (E).

In addition, plaintiff asserts that the court would still have subject matter jurisdiction even if the matter involved here was found to be non-core because it is related to the bankruptcy case and as statutorily provided the court may submit its proposed findings of fact and conclusions of law to the district court. Plaintiff adds that the bankruptcy court would have the authority to issue a final order in a case involving a non-core issue if the parties consent to it.

### Background

The facts in this case are not complicated. On June 15, 1990 Mec Steel Buildings, Inc. filed a petition under Chapter 11 of the Bankruptcy Code, and as of that date has been managing its affairs and operating its business as a debtor-in-possession.

On March 18, 1991 debtor filed an adversary proceeding against defendant for the collection of the amount of $15,500.00 allegedly owed to them. Plaintiff states in the complaint that on or about May 1988 the parties herein entered into a contract whereby plaintiff agreed to provide services and materials in exchange for the total amount of $370,000.00.[1] Allegedly, defendant requested additional services and materials at an additional cost of $15,500.00.[2] Defendant paid the initial $370,000.00 owed but never satisfied the $15,500.00 resulting from the additional orders. Plaintiff adds that of that amount, $500.00 are owed since March 30, 1989 and the remainder $15,000.00 are owed since July 18, 1989.

Plaintiff bases its complaint on 11 U.S.C.A. §§ 542(a) and 362(a). Pursuant to § 542(a) defendant must turnover property belonging to the estate unless of inconsequential value or benefit to the estate and § 362(a)(3) stays any act exercising control over property of the estate. Plaintiff further adds that defendant has acted with full knowledge of the filing of the bankruptcy petition.

### Discussion
#### Core and Non–Core Matters

Core proceedings are those involving matters arising under title 11 or arising in a case under title 11 of the United States Code, that is, they would not exist outside of bankruptcy. 1 Daniel R. Cowans, *Bankruptcy Law and Practice* § 1.2 at 31 (1989). Core matters, as inherently bankruptcy matters, can be determined by bankruptcy judges. The Judicial Code in § 157(b)(2) presents a non-exclusive list of core matters. 28 U.S.C.A. § 157(b)(2). The list of core matters include matters affecting the administration of the estate, § 157(b)(2)(A); and orders to turn over property of the estate, § 157(b)(2)(E).

On the other hand with regards to matters described as non-core but otherwise related to the bankruptcy case a bankruptcy judge is limited to:

> ... submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which

---

**1.** As provided in the complaint, plaintiff agreed to deliver and install steel buildings C and D for the project known as Casas Mi Antojo for the amount of $220,000.00 and to deliver steel materials for buildings A and B of the same project, for the amount of $150,000.00.

**2.** Plaintiff supplied and installed two canopies for buildings A and B for the project Casas Mi Antojo for the amount of $15,000.00 and painted all the columns of building D up to a height of ten feet for $500.00.

any party has timely and specifically objected.

28 U.S.C.A. § 157(c)(1). Despite the above stated a bankruptcy judge may enter final orders and judgments concerning non-core but related matters if all parties to the proceeding have consented. 11 U.S.C.A. § 157(c)(2). *In re G.S.F. Corp.*, 938 F.2d. 1467, 1477 (1st Cir.1991) (Parties' consent need not be explicit, it may be implied.)

▮ A determination of whether a controversy is core or non-core lies on its relations to the basic functions of the bankruptcy court, and not on the federal or state basis for the claim. *In re Arnold Print Works, Inc,* 815 F.2d 165, 169 (1st Cir.1987). If the proceeding, by its nature, arises only within the bankruptcy context because it involves a right created by federal bankruptcy law, then it is a core proceeding. *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987). If an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or a district court, then it clearly involves a non-core matter. 1 Lawrence P. King et al, *Collier on Bankruptcy* ¶ 3.01[1][c][iv] at 3–27 (15th ed. 1991) citing *In re Colorado Energy Supply, Inc.,* 728 F.2d 1283 (10th Cir.1984).

▮ The non-core related actions referred to by 28 U.S.C.A. § 157(a) are those that "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." *In re G.S.F. Corp.,* 938 F.2d at 1475 citing *In re Smith,* 866 F.2d 576, 580 (3rd Cir.1989). If the determination of the case could have an effect on the bankruptcy estate, it is a related matter. *Id.*

These classifications and parameters were introduced by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") as a result of the landmark decision by the Supreme Court in the case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In this case the debtor had brought an action in the bankruptcy court seeking damages for alleged breaches of contract and warranty, along with misrepresentation, coercion and duress. The Supreme Court held unconstitutional the grant of Article III judicial powers upon non-tenured Article I courts. Article I judges do not have the constitutional power to enter final orders without the parties' consent in traditionally common law cases involving state created private rights. As a result of this decision the bankruptcy court may not enter a final determination in those cases that are classified as non-core related matters. The *Marathon* decision, however, was given a narrow interpretation by subsequent Supreme Court opinions. *In re Arnold,* 815 F.2d at 166 citing *Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) and *Commodity Futures Trading Com. v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 3251, 92 L.Ed.2d 675 (1986).

In *In re Arnold* the Court of Appeals for the First Circuit differentiates Marathon type contract claims arising pre-petition from the ones arising post-petition. In *Arnold* the Court stated that if the claim arises after the filing of the petition it involves a matter directly related to the administration of the estate, thus, it is a core matter upon which a bankruptcy judge has the power to enter final orders. On the other hand, if the claim arose before the filing of the petition it is only a related case and a bankruptcy judge is limited to submit proposed findings of fact and conclusions of law to the district court.

▮ Plaintiff contends that an account receivable claim is a core proceeding because it involves the administration of the estate and the turning over of property of the estate. 28 U.S.C.A. § 157(b)(2)(E). Actions initiated in the bankruptcy court to collect pre-petition account receivables are clearly non-core matters and should not be considered as matters affecting the administration of the estate or actions for the turnover of property of the estate in order to categorize them as core. 1 Lawrence P. King et al, *Collier on Bankruptcy* ¶ 3.01 [2][b][iv] at 3–51 (15th ed. 1991). By definition, these actions are non-core related proceedings because they existed prior to the

filing of the bankruptcy petition, to hold otherwise would be to ignore the *Marathon* decision. *Id.* at ¶ 3.01[2][b][iii], p. 3–44.

■ This action involves a non-core matter because it was initiated in the bankruptcy court only because it was inherited by the estate when the bankruptcy petition was filed. Furthermore, this is a state law contract claim which arose before the filing of the petition, specifically classified by the Court in *In re Arnold* as a non-core matter.

■ It is important to note that an account receivable action such as this one cannot be considered a turnover of property of the estate action as long as there is some doubt as to the defendant's liability. *Acolyte Elec. Corp. v. New York,* 69 B.R. 155 (Bankr.E.D.N.Y.1986). The Court in *Acolyte* citing *In re Satelco, Inc.,* 58 B.R. 781 (Bankr.N.D.Tex.1986) held that "actions to collect accounts receivable based upon state law contract principles do not fall within the scope of turnover actions as contemplated by § 542 and § 157(b)(2)(E), absent a final judgment from a court of competent ' jurisdiction, a stipulation, or some other binding determination of liability." Turnover proceedings are core matters when their purpose is to collect a debt rather than create it, recognize it or liquidate it. *Id.* at 172.

However, despite the fact that the matter before us is non-core the bankruptcy court has jurisdiction to enter its proposed findings of fact and conclusions of law. "Whether a proceeding is core or non-core affects the power of the bankruptcy judge to issue a final order or judgment, but not the ability to hear a proceeding". *In re Reed,* 94 B.R. 48 (E.D.Pa.1988). Therefore, the matter cannot be dismissed on the grounds presented by defendants.

### Abstention

Finally, defendant argues that since the law to be applied in this case is state law and not bankruptcy, the Superior Court of Puerto Rico would be a more appropriate forum to hear the case. This Court considers this request as a motion for abstention pursuant to 28 U.S.C.A. § 1334(c).

Pursuant to Rule 5011(b) of the Federal Rules of Bankruptcy Procedure, as amended effective August 1st, 1991, a motion for abstention is a contested matter upon which the bankruptcy court has the authority to enter a final order subject to appeal.[3] Fed.R.Bankr.Proc. 5011(b) (1991); 8 Lawrence P. King et al, *Collier on Bankruptcy* ¶ 5011.04 at 5011–9 (15th ed. 1991). Section 1334(c) of the Judicial Code governing abstention differentiates between two types of abstention to be applied by the courts; discretionary and mandatory, § 1334(c)(1) and § 1334(c)(2) respectively.

### A. Mandatory Abstention

28 U.S.C.A. § 1334(c)(2) provides in its relevant part that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding *if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.* (Emphasis ours.)

■ The language of the statute is clear that one of the prerequisites for mandatory abstention is that an action must have been initiated in a state forum with jurisdiction. *Juan Flores Rivera v. Telemundo Group,* 133 B.R. 674 (D.Puerto Rico); *Bates & Rogers Const. Corp. v. Continental Bank (In re Bates & Rogers Const. Corp.),* 97 B.R. 905 (N.D.Ill.1989); *In re Container Transport, Inc.,* 86 B.R. 804 (E.D.Pa.1988); *In re Altchek,* 119 B.R. 31 (Bankr.S.D.N.Y.1990); *In re Kolinsky,* 100 B.R. 695 (Bankr.S.D.N.Y.1989).

---

**3.** Before the amendment a motion for abstention was to be treated as a non-core related matter, thus the bankruptcy court was limited to enter proposed findings of fact and conclusions of law subject to *de novo* review by the district court. Bankr. Rule 5011(b) (1987); 8 *Collier on Bankruptcy* ¶ 5011.04 at 5011–8 (15th ed. 1991) citing *Guy C. Long, Inc. v. Park Plaza Development Corp. (In re Guy C. Long, Inc.,* 90 B.R. 99 (E.D.Pa.1988)).

There is no state litigation pending in this case. In view of the facts that not all of the required elements for mandatory abstention are met, abstention in this form is deemed inapplicable.

## B. *Discretionary Abstention*

28 U.S.C.A. § 1334(c)(1) provides that:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect with State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

■■■■ As above-stated, the district court may abstain even in core proceedings arising under title 11. Defendants argue that because the applicable law in this case is state law the matter should be directed to state courts. There are various elements to take into consideration upon deciding whether or not to abstain pursuant § 1334(c)(1), one of them being the existence of state law claims in relation to bankruptcy law claims.[4] However, discretionary abstention is not warranted despite the fact that state law issues are predominant when the applicable state law is neither unsettled nor difficult, or the matters involved do not have an impact on state policy. *Telemundo,* 133 B.R. at 675; *In re Altchek,* 119 B.R. at 34; *In re New York Deli, Ltd.,* 75 B.R. 797 (Bankr. D.Haw.1987); *In re Republic Reader's Service, Inc.,* 81 B.R. 422 (Bankr.S.D.Tex. 1987).

This case involves a collection of monies action which requires the application of well established state law. The fact that the case involves issues of state law alone is not sufficient to warrant abstention. In fact, upon considering core matters this court must interpret state law routinely. For example, when deciding which creditor has a better claim, the court must look at the validity of the lien according to state law. *See, In re Arnold,* 815 F.2d at 169.

### *Conclusion*

Based upon the foregoing, the motion to dismiss filed by San Lorenzo Construction Corp. is hereby denied. Furthermore, this Court finds that abstention pursuant 28 U.S.C.A. § 1334(c), in either its mandatory or discretionary form is inapplicable to this proceeding.

SO ORDERED.

---

**4.** The District Court of Puerto Rico listed the factors to consider upon reaching a determination as to discretionary abstention:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettle nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted core proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy's court] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Telemundo,* 133 B.R. at 677. (Citation omitted).