**C & A, S.E., Appellant**

v.

**PUERTO RICO SOLID WASTE MANAGEMENT AUTHORITY, Appellee.**

**Civil No. 06–1820(SEC).**

United States District Court, D. Puerto Rico.

June 8, 2007.

Charles A. Cuprill–Hernandez, Colleen H. Johnson, Cuprill Law Office, PSC, San Juan, PR, for Appellant.

David P. Freedman, Luis C. Marini–Biaggi, O'Neill & Borges, San Juan, PR, for Appellee.

## OPINION AND ORDER

CASELLAS, Senior District Judge.

Pending before the Court is C & A, S.E.'s (hereinafter "Appellants" or "C & A") appeal of the Bankruptcy Court's Opinion and Order of June 29, 2006 (Docket # 145 of Case No. 05–05297(GAC)), whereby the Bankruptcy Court abstained from exercising jurisdiction over some state claims removed by Appellant, and remanded the actions to the Puerto Rico Court of First Instance (hereinafter the state court). C & A also appeals from the Bankruptcy Court's order to lift the automatic stay and allow for these actions to continue in the state court (Docket # 52 of Case No. 05–0149). Appellant filed its brief on appeal (Dockets # 2) and the Puerto Rico Waste Management Authority (hereinafter "Appellee") filed its brief in opposition (Docket # 3). After carefully considering the parties' filings and the applicable law, for the reasons set forth below, we **AFFIRM** both of the Bankruptcy Court's decisions.

### Factual and Procedural Background

This appeal hails from an adversary proceeding filed by Appellant in the Bankruptcy Court seeking to remove an action to vacate an arbitration award, which was filed by Appellant in the state court prior to filing bankruptcy, pursuant to 28 U.S.C.A. § 1334(b) and § 1452. We give a brief narrative of the facts underlying this adversary proceeding.

Appellant and Appellee were parties to a construction contract to build a sludge and yard waste compost facility at Toa Baja, Puerto Rico (hereinafter "the construction contract"). See, Docket # 2, p. 8. Said contract contained an arbitration clause.

A dispute arose among the parties regarding an alleged breach of contract by Appellee. On June, 2001, Appellant commenced an arbitration proceeding against Appellee, which resulted in a panel of three arbiters issuing an award in favor of Appellee. *See,* Dockets # 3, p. 7 & # 2, p. 9. The panel's award was in favor of Appellee in an amount of $5,069,486.35, less a credit of $2,589,239.52 for work performed by Appellant. *See,* Docket # 2, p. 9.

Following arbitration, the parties filed separate and opposite actions in state court; on April 22, 2005, Appellee filed an action to confirm the arbitration award pursuant to 32 Laws of P.R. Ann. § 3222 (Case No. KAC05–2968(505)), while, on May 18, 2005, Appellant filed an action to vacate the arbitration award, pursuant to 32 Laws of P.R. Ann. § 3224 (Case No. KAC05–3546(902)). The confirmation action was later stayed due to the pendency of Appellant's action to vacate the arbitration award. On June 9, 2005, Appellant filed its petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C.A. § 1107. Accordingly, the actions pending in state court were automatically stayed pursuant to 11 U.S.C.A. § 362(a)(1).

On June 21, 2005, the Appellant filed an adversary proceeding in Bankruptcy Court (05–00149(GAC)) removing the aforementioned state law actions from state court, pursuant to 28 U.SC.A. § 1452. On July 20, 2005, Appellee moved for the court to abstain from exercising jurisdiction over said case and remand it to state court, *see,* Docket # 16 of Case 05–0149(GAC), request which was granted by the Bankruptcy Court on June 29, 2006. *See,* Docket # 52 of Case 05–05149(GAC). Appellee also filed a motion to lift the automatic stay in order to continue the action to confirm the arbitration award. Docket # 16 of Case 05–05297(GAC).[1] Once

again, this request was granted by the court below. *See,* Docket # 145 of Case No. 05–05297(GAC). The Bankruptcy Court remanded the case to state court on equitable grounds and also concluded that Appellee had shown cause for lifting the stay in order to continue the proceedings in state court This appeal ensued.

**Standard of Review:**

■ An order by a bankruptcy court to remand a removed case to state court constitutes a final order reviewable by a district court. *Scherer v. Carroll,* 150 B.R. 549, 551 (D.Vt.1993); *see also, In re Ramada Inn–Paragould General Partnership,* 138 B.R. 63, 64 (Bankr.E.D.Ark. 1992); *In re Borelli,* 132 B.R. 648, 650 (N.D.Cal.1991).

■ A review of a bankruptcy court's decision to abstain in a case follows the abuse of discretion standard. *See, In re Middlesex Power Equipment & Marine, Inc.,* 292 F.3d 61, 69 (1st Cir.2002)(hereinafter *Middlesex* ).

When reviewing the decision of a bankruptcy court, a district court reviews the bankruptcy court's factual findings, whether based on oral or documentary evidence, under the clear error standard, and its conclusions of law *de novo.* Rule 8013 Fed.R.Bankr.P.; *See In re G.S.F. Corp.,* 938 F.2d 1467, 1474 (1st Cir.1991); *Matter of Torres López,* 138 B.R. 348, 349 (D.P.R. 1992). A factual finding is "clearly erroneous" only when the appellate court is left "with the definite and clear conviction that a mistake has been committed." *In re the Bible Speaks,* 869 F.2d 628, 630 (1st Cir. 1989) (*quoting, Anderson v. Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

A determination of "ultimate facts, or mixed questions of fact and law, are also

---

1. This case number is the one related to Appellant's bankruptcy petition itself.

tested ... under the clearly erroneous standard. The reviewing court may, however, look carefully to discover if the court based its findings upon incorrect legal principles." *Goya Foods, Inc., et al. v. Ulpiano Unanue–Casal, et al.,* 159 B.R. 90 (D.P.R.1993)(hereafter *Goya I* )(*quoting, U.S. v. Cochrane,* 896 F.2d 635, 639 (1st Cir.1990)). A determination of cause for lifting a stay in a bankruptcy case is such an ultimate fact reviewed under the clearly erroneous standard. *Id.* at 94. Under the clearly erroneous standard, a reviewing court will only reverse the reviewed court's decision if it has the "definite and firm conviction that a mistake has been committed." *Id.*

**Applicable Law and Analysis**

Pursuant to the bankruptcy removal provision, "[a] party may remove any claim or cause of action in a civil action ... to the district court where such civil action is pending, if such district court has jurisdiction of such claim under section 1334 of this title." 28 U.S.C.A. § 1452. Section 1334, in turn, provides that "the district courts shall have original but not exclusive jurisdiction over of all civil proceedings arising under tile 11 or arising in or related to a case under title 11." 28 U.S.C.A. 1334(b). However, section 1452, states that the court to which a claim is removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C.A. § 1452(b). Finally, section 1334 also contains provisions mandating or permitting courts to abstain from hearing cases before them. *See,* 28 U.S.C.A. § 1334(c)(1) & (2).

Before the Court is C & A's appeal of the Bankruptcy Court's orders: (1) abstaining from hearing the action removed by C & A (the action to vacate the arbitration award) and remanding it to state court and (2) lifting the automatic stay so that the state court proceedings (both the action to vacate and to confirm the arbitration award) continue in state court. We review each order below.

*Remand and Abstention*

When presented with a motion to remand a proceeding removed from state court, a bankruptcy court "must first evaluate whether the state court action was properly removed; that is, it must determine whether it has subject matter jurisdiction over the [removed] proceeding." *In re Santa Clara County Child Care Consortium,* 223 B.R. 40, 44 (1st Cir. BAP 1998)(hereinafter *Santa Clara* ). A bankruptcy court has jurisdiction over actions arising under Title 11, arising in a case under Title 11, and those that are related to a case under Title 11. *Id.* If the court finds that subject matter jurisdiction is lacking, it must remand the action to state court pursuant to 28 U.S.C.A. § 1447(c).[2] *Id.* If, on the contrary, subject matter jurisdiction is found, then the court may continue with the proceeding, or may remand the action "on any equitable ground." *Id.; see also,* 28 U.S.C.A. § 1452(b). In light of the above, we first address whether the Bankruptcy Court had jurisdiction to entertain the removed action and, thereafter, whether it abused its discretion in remanding the same to state court.

1. *Arising under, arising in, and related to jurisdiction* [3]

Section 1334 does not define the concepts of arising under, arising in or related

---

**2.** This section provides: "... [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. 1447(c).

**3.** These distinctions respond to the United States Supreme Court's (U.S. Supreme Court)

to a case under Title 11, and the dividing line among them is unclear. *See, Middlesex,* 292 F.3d at 68. A case is said to arise under Title 11 if it involves a "cause of action created or determined by a statutory provision of the Bankruptcy Code" *Santa Clara,* 223 B.R. at 43; *see also, Middlesex,* 292 F.3d at 68. These actions are referred to as core proceedings. *See, In re Mec Steel Bldgs., Inc.,* 136 B.R. 606, 609 (Bankr.D.Puerto Rico 1992)(hereinafter *Mec Steel* )(stating that "[i]f the proceeding, by its nature, arises only within the bankruptcy context because it involves a right created by federal bankruptcy law, then it is a core proceeding.")

On the other hand, a proceeding arises in a bankruptcy case if it "is not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *Santa Clara,* 223 B.R. at 43; *see also, Middlesex,* 292 F.3d at 68. Finally, the related to jurisdiction is the most expansive of all; it "extends to matters concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights." *Santa Clara,* 223 B.R. at 43. In other words, related to proceedings are those "which potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." *Middlesex,* 292 F.3d at 68.

■ In this case, the Bankruptcy Court properly concluded that subject matter jurisdiction over the action to vacate the arbitration award, previously filed on state court by Appellant, was present under the "related to" type of jurisdiction, also referred to as a "non core" proceeding. *See,* Case No. 05–0149(GAC), Docket # 52, pp. 7–11; *see, Mec Steel,* 136 B.R. at 608 ("[i]f an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or a district court, then it clearly involves a non-core matter.") The action to vacate the arbitration award does not arise under Title 11 as it is does not involve a cause of action created or determined by the bankruptcy code; to the contrary, the action is brought pursuant to 32 Laws of P.R. § 3224. Furthermore, the removed action does not arise in a case under Title 11 because it can exist (and in fact arose) outside of the bankruptcy case.

Therefore, the action to vacate the arbitration award lies within the related to jurisdiction of the bankruptcy court because it involved a claim that existed prior to C & A's petition for bankruptcy, and the result thereof would necessarily affect the rights and liabilities of the debtor's (C & A's) estate. In *Mec Steel* the court held that an action to collect a pre-petition account receivable was a non core proceed-

decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)(hereinafter *Marathon* ). There, the U.S. Supreme Court concluded that, while restructuring debtor-creditor relations was at the heart of the federal bankruptcy power, the adjudication of state-created rights (such as a contract dispute) was not. *Marathon,* 458 U.S. at 71, 102 S.Ct. 2858. As such, it declared unconstitutional vesting the power to finally adjudicate matters related to bankruptcy in a non Article III adjunct, to wit, the bankruptcy court. *Id.*

Following this decision, Congress amended the Bankruptcy Court's jurisdictional provision, 28 U.S.C.A. § 157. *See, Mt. McKinley Ins. Co. v. Corning Incorporated,* 399 F.3d 436 (2d Cir.2005)(hereinafter *McKinley* ). As per the amendment, a bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court in non core proceedings, that is, proceedings that are merely related to the bankruptcy case rather than arising under the Bankruptcy Code. *McKinley,* 399 F.3d at 448.

ing and "should not be considered as matters affecting the administration of the estate or actions for the turnover of property of the estate in order to categorize them as core." *Id.; see also, In the Matter of Candelero Sand & Gravel, Inc.*, 66 B.R. 903, 906 (D.P.R.1986)(holding that although a breach of contract action is one that will drastically affect both the debtor-creditor relationship and the assets of the estate "it is a matter which, but for the intervention of bankruptcy, could have been brought in a state court, and therefore cannot be styled a core proceeding.") As in *Mec Steel*, in this case, the action removed by Appellant is a non core proceeding related to a pre-petition breach of contract dispute that was already the subject of arbitration which resulted in an award in favor of Appellee.

Having concluded that the removed action was a non core proceeding the Bankruptcy Court went on to analyze Appellee's arguments in favor of abstention and/or remand. The court first concluded that the abstention provisions were not applicable to this case. *See*, Case No. 05–0419, Docket # 52, p. 12. This notwithstanding, the court reasoned that the factors "pertinent to a decision to abstain serve to determine whether equitable grounds for remand exist." *Id.* It then concluded that this case presented "numerous equitable grounds for remand." *Id.* We will not review the soundness of these equitable grounds because we find that this case is a fit candidate for mandatory abstention.

### 2. *Mandatory Abstention*

Pursuant to 28 U.S.C.A. § 1334(c)(2), a court must abstain from hearing a case before it if the following criteria are met: (1) a timely motion to abstain is filed; (2) the proceeding is based on a state law cause of action; (3) the action does not arise under Title 11 but is merely related to a case under Title 11; (4) the action

could not have been commenced in federal court absent jurisdiction under 28 U.S.C.A. § 1334; (5) a state court action has commenced; and (6) can be timely adjudicated. *See, Goya Foods, Inc. v. Ulipiano Unanue–Casal*, 164 B.R. 216, 221 (D.P.R.1993)(hereinafter *Goya II*).

■ There is some controversy over the application of mandatory abstention to cases that have been removed to bankruptcy court. *See, In re Lazar*, 237 F.3d 967, 981–982 (9th Cir.2001)(holding that both mandatory and permissive abstention are inapplicable in the context of a removed case because there is no **pending** state proceeding). However, four out of five courts of appeals to have considered the issue concluded that the abstentions codified in 28 U.S.C.A. § 1334(C)(1) & (2) do apply to removal actions because the statutory language only requires that a state action has been commenced as opposed to be pending. *See, Stoe v. Flaherty*, 436 F.3d 209, 216 (3rd Cir.2006); *see also, Mt. McKinley Ins. Co. v. Corning Incorporated*, 399 F.3d 436 (2nd Cir.2005); *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000); *Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579, 584 (6th Cir.1990). Furthermore, this District has previously applied the mandatory abstention provision to a case removed from state court to the bankruptcy court. *See, In the Matter of Candelero Sand & Gravel, Inc.*, 66 B.R. 903, 907–908 (D.P.R.1986)(holding that mandatory abstention requirements were met and remanding the removed adversary proceedings to state court). Because we see no reason to depart from the majority view, we hold that the mandatory abstention codified in 28 U.S.C.A. § 1334(c)(2) does apply in cases before the bankruptcy court pursuant to the removal statute, 28 U.S.C.A. § 1452.

■ As such, we will now evaluate whether the requirements of this absten-

tion are present in this case (*i.e.* that the motion is timely, that the action is based on state law, that it is in the bankruptcy court under the related-to-jurisdiction, that there is no independent basis for jurisdiction, that a state court action was commenced and that it can be timely adjudicated.)

### A. Timeliness

Appellant's removal of the action to vacate the arbitration award to the Bankruptcy Court was filed on June 21, 2005 (Docket # 1 of Case No. 05–0149(GAC)). Appellee, in turn, filed its motion to abstain and/or remand this case to state court on July 29, 2005 (Docket # 6 of case No. 05–0149(GAC)), a little over one month after the removal. We believe that Appellee's motion to abstain was timely.

### B. State law cause of action

Mandatory abstention also requires that the cause of action be based on state law. This requirement is easily met. The action to vacate the arbitration award in premised on 32 Laws of P.R. Ann. § 3224, which is clearly a state law. Appellee argues, however, that the removed action is not based only on state law because "the Puerto Rico laws accord the courts the same role that they have under the Federal Arbitration Act." Docket # 2, p. 16, *citing, Sue Klau Enterprises, Inc. v. American Fidelity Fire Ins. Co.,* 551 F.2d 882 (1st Cir.1977). However, the fact that a state statute is consistent with a federal statute does not render the former an extension of the latter. The action filed by Appellant in state court was premised on a Puerto Rico statute, and the fact that the state court might, if it so decides, use federal case law in deciding the issue before it, does not render the action a federal cause of action. Appellant's arguments in

this regard are unavailing. As such, this requirement is also satisfied.

### C. The action is based on related to jurisdiction

As we have already concluded, the action to vacate the arbitration award is a non core proceeding removable under the related-to-jurisdiction of 28 U.S.C.A. § 1334(b). Appellant's brief puts forth that the removed action constitutes a core proceeding, making mandatory abstention inapplicable to this case. However, Appellant has provided no reason, explanation, or argument in support of this contention. We see none neither. As explained above, the action to vacate the arbitration award was filed in state court prior to Appellant's bankruptcy petition, and though it could "drastically affect both the debtor-creditor relationship and the assets of the estate, it is a matter which, but for the intervention of bankruptcy, could have been brought in a state court, and therefore cannot be styled a core proceeding." *Candelero,* 66 B.R. at 906, *quoting, In re Bokum Resources Corp.,* 49 B.R. 854 (D.N.M.1985). It is also apparent that this action survives outside of bankruptcy, as the removed action rests in a Puerto Rico statute and could be, and in fact was, filed in a state court prior to Appellant's bankruptcy. Such an action cannot be treated as a core bankruptcy proceeding. *See, Mec Steel,* 136 B.R. at 609. (stating that if "an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or a district court, then it clearly involves a non-core matter."); *see also, Ralls v. Docktor Pet Centers, Inc.,* 177 B.R. 420, 424–425 (D.Mass. 1995). Therefore, we conclude that the third requirement is met.

### D. Independent basis of jurisdiction absent but for 28 U.S.C.A. § 1334

As explained above, the action to vacate the arbitration award filed by Appellant in

state court (Case No. KAC05–3546(902)) was removed to the Bankruptcy Court pursuant to 28 U.S.C.A. § 1452 and subject matter jurisdiction is present under the "related to" type of jurisdiction of 28 U.S.C.A. § 1334(b). Consistent with this reasoning, the action to vacate would not have been filed in bankruptcy court but for Appellant's bankruptcy petition. It is the potential impact on Appellant's estate, which relates the action to vacate the arbitration award to the bankruptcy proceeding in this case. Moreover, absent Appellant's bankruptcy petition, jurisdiction over this action would be lacking; the parties are not of diverse citizenship and the actions are based on state law. As such, the fourth requirement is also met.

### E. A state court action has commenced and can be timely adjudicated

Finally, the basic building blocks upon which mandatory abstention stands upon are that a state court action has been commenced and that it can be timely adjudicated. See, 28 U.S.C.A. § 1334(c)(2). These building blocks are also in place in this case. It is undisputed that the action to vacate the arbitration award was commenced in state court (see, Case No. KAC05–3546902). Furthermore, after Marathon a "prepetition cause of action based on state common law, and related only peripherally to the bankruptcy itself, cannot be subject to final adjudication by the Bankruptcy Court. At most, the bankruptcy judge may submit proposed findings of facts and conclusions of law to the District Court for review." Candelero, 66 B.R. 903, 906 (D.P.R.1986). As did the District Court in Candelero, we find such an approach "to be redundant, inefficient,

and a waste of judicial resources, particularly when a state court forum is readily accessible and can render a timely adjudication." Id. Therefore, we conclude, as did the Bankruptcy Court below, that the requirements for mandatory abstention are present and, as such, the action to vacate the arbitration award removed by Appellant (Case No. 05–0149) should be remanded to the Puerto Rico Court of First Instance.

### Lift of the automatic stay

Appellant argues that the Bankruptcy Court erred in finding that there was cause to lift the automatic stay pursuant to 11 U.S.C.A. § 362(d)(1) so that the actions filed in state court could proceed there. The Bankruptcy Act provides that "a petition for bankruptcy when filed operates as a stay of a wide range of non-bankruptcy court actions [in order to give] a breathing spell to the debtor and [to provide] creditor protection by stopping all collection efforts, all harassment, and all foreclosure actions." In re López–Soto, 764 F.2d 23 (1st Cir.1985). Nevertheless, this stay is not absolute; it can be lifted or modified upon request and for cause shown. Id., see also, 11 U.S.C.A. § 362(d). However, "the term cause is not defined in the statute." Goya I, 159 B.R. at 95. As such, the "question of what is cause is developed primarily by case law." Id. (citations omitted).

■ In Goya I,[4] this district made a recollection of the various factors considered by the courts in determining whether cause exists to lift the automatic stay. Among these factors are: (1) whether the relief will result in a partial or complete

---

4. The Goya I decision was affirmed, without opinion, by the First Circuit in In re Unanue–Casal, 23 F.3d 395 (1st Cir.1994). There, the First Circuit stated that "the district court's well-conceived opinion, adequately elucidates the reasoning that is controlling on the central issue presented in this appeal", and concluded that "it did not err in reversing the bankruptcy court's refusal to lift the automatic stay." Id. at *1.

resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510©; (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; (12) the impact of the stay on the parties and (13) the balance of hurt. *See, Goya I,* 159 B.R. at 95–96.(citations omitted).

█ The party moving for the automatic stay to be lifted need not prove a plurality of these factors. *Id.* The Courts will generally rely "in only a few factors ... to determine that sufficient cause exist[s] to lift the stay." *Id.* We believe that various of the factors spelled out in *Goya I* are present here.

First, lifting the stay so that the actions to vacate and/or confirm the arbitration award proceed in state court will finally resolve the issue of whether the arbitration award is final and determine Appellant's liability to Appellee in regards to the construction contract. Furthermore, we find that the state court proceedings will not interfere with the bankruptcy proceedings; to the contrary, it will give finality to the arbitration award and will help the Bankruptcy Court in the administration and determination of Appellant's estate. Finally, we believe that judicial economy is furthered by lifting the stay. As stated before, the issue of whether the arbitration award must be confirmed or vacated, because it arose prior to Appellant's bankruptcy petition, is a non core matter that cannot be finally adjudicated by the Bankruptcy Court. *See, Candelero,* 66 B.R. 903 at 906. In order to resolve this matter, the Bankruptcy Judge will need to submit proposed findings of facts and conclusions of law to the District Court for review. *Id.* Because no such procedure needs to be followed in the state court proceeding, we find that lifting the stay so that the state court may adjudicate the actions to vacate or confirm the award promotes "the interest of judicial economy and the expeditious and economical determination of litigation for the parties." *Goya I,* 159 B.R. at 95.

We believe, as did the Bankruptcy Court, that Appellee met its burden to show cause to lift the stay. Once the movant meets its burden to show cause, "a stricter burden then shifts to the debtor to demonstrate that he is entitled to the stay." *Id.,* at 95. Appellant proffered only one reason to deny Appellee's motion to lift the stay, to wit, that lifting the stay would result in duplicative proceedings contrary to the goal of judicial economy, and will cause Appellant to incur in unnecessary legal expenses. However, as explained above, having the state court decide the issue of whether the arbitration award should be confirmed or vacated promotes judicial economy. Appellant's arguments are unfounded.

**Conclusion**

For the reasons set herein, the Bankruptcy Court's Opinions and Orders of June 29, 2006 in Case 05–0149(GAC) and

Case 05–05297(GAC), are hereby **AFFIRMED.** Judgment shall be entered accordingly.

**SO ORDERED.**